# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elijah Deon Box,<br><br>  Movant,<br><br>v.<br><br>Unite States of America,<br><br>  Respondent. | No. CV-19-05362-PHX-DLR (MHB)<br>No. CR-17-00735-PHX-DLR<br><br>**ORDER** |

Before the Court is Elijah Deon Box's ("Movant") Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 4), United States Magistrate Judge Michelle H. Burns' Report and Recommendation ("R&R") (Doc. 10), Movant's "Reply to Government Response" which the Court understands to be his Objection to the R&R (Doc. 13), and the United States' Response to Movant's Objections (Doc. 14). The Court has reviewed the R&R *de novo* and has considered Movant's objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (the Court must make a *de novo* determination of those portions of the R&R to which specific objections are made).

On May 5, 2017, Movant was arrested at the Veteran's Administration Hospital in Phoenix. Prior to his arrest, he was seen dumping a Taurus 9mm semi-auto pistol into a garbage can. Movant waived his *Miranda* rights and admitted to the police that he put the firearm in the garbage, explaining that he did so because he was a prohibited possessor. Pursuant to a plea agreement, on December 5, 2017, Movant entered a plea of guilty to

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), before Magistrate Judge John Z. Boyle. Movant's plea agreement was accepted, and he was sentenced by the Court on December 20, 2017. Movant did not file an appeal.

On October 7, 2019, relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Movant filed this motion, contending that his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) should be set aside. The Court in *Rehaif* held that a defendant's knowledge of his relevant prohibited status ("the *Rehaif* element") is an element of a § 922(g) offense. In Movant's case, that relevant prohibited status is his four prior convictions of a felony offense punishable by more than one year in prison. However, following *Rehaif*, to prove a violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), in addition to proving that Movant had been previously convicted of a felony offense punishable by more than one year in prison, the government must also prove Movant's awareness of that fact. Movant asserts that the *Rehaif* element was missing from the factual basis of his change of plea, that his guilty plea was therefore not voluntary and intelligent, and that his trial counsel was ineffective.[1]

The R&R recommends that Movant's Amended Motion (Doc. 4) be denied and dismissed with prejudice, finding that it has been procedurally defaulted because the issues of insufficiency of evidence and error in the plea proceeding should have been brought in the trial court or on appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). An exception exists if the movant can show (1) cause excusing the procedural default and "actual prejudice" resulting from the errors raised in the motion, or (2) likelihood of actual innocence. *See id.* at 622-23. The R&R correctly found that Movant failed to show either cause and actual prejudice or the likelihood of innocence. Specifically, it notes that Movant did not establish that it is more likely than not that no reasonable jury would have convicted him in light of *Rehaif*, pointing to Movant's history that includes four prior felonies,

---

[1] Particularly, he contends that his attorney misinformed him and that the trial court did not understand the elements of the offense when it accepted his guilty plea without a factual basis. He consequently argues that he is actually innocent.

multiple parole revocations, and statements made at his arrest that he tossed the firearm into the trash because of his prohibited possessor status.

Turning to Movant's objections, Movant first argues that the R&R should be rejected because his Fifth Amendment rights were violated when the indictment and Plea Agreement failed to include the *Rehaif* element "that he fell within the relevant status." However, the R&R correctly found that his Fifth Amendment argument was procedurally defaulted because, when he pled guilty, he waived his right to appeal. The cases Movant relies on in support, *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989) and *United States v. Stirone,* 361 U.S. 212 (1960), are not applicable because neither involves a collateral attack on a guilty plea. Movant's objection to the R&R based his Fifth Amendment claim is overruled.

Movant next argues that the R&R incorrectly determined that he failed to show actual innocence or ineffective assistance of counsel. According to Movant, the R&R should have found his trial counsel ineffective for failing to anticipate the *Rehaif* decision. To establish a claim that counsel's assistance was so defective as to require reversal of a conviction, a movant must show first that counsel's performance was deficient *and* that the deficient performance prejudiced the defense so as to deprive the movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984). To show prejudice, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694-95. The R&R correctly found that Movant failed to establish either prong of the *Strickland* standard. The failure to anticipate the *Rehaif* decision, which was announced well after Movant's guilty plea and sentencing, cannot constitute deficient performance. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). The R&R also correctly determined that Movant did not establish the second element of an ineffective assistance of counsel claim: prejudice. The missing *Rehaif* element would have been easy to prove at trial. Before his conviction in this matter, Movant had multiple felony convictions punishable by more than one year in prison. *See United States v. Johnson,* No. 17-10252, 2020 WL 6268027, at *5 (9th Cir. Oct. 26, 2020)

("Johnson cannot plausibly argue that a jury . . . would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison. After all, he had in fact already served three prior prison sentences exceeding one year."). Additionally, Movant's admissions to police that he ditched the gun because he knew he was a prohibited possessor make it unlikely that the result of the proceedings would have been different.

Movant's "Reply to Government Response," which the Court understands to be his Objection to the R&R (Doc. 13), is overruled. The R&R correctly determined that Movant's clam is procedurally defaulted and fails on the merits. The Court accepts the R&R's recommended disposition within the meaning of Fed. R. Civ. P. Rule 72(b). *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that the R&R (Doc. 10) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 4) is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 4th day of January, 2021.

Douglas L. Rayes
United States District Judge